**UNITED STATES of America,**
**Appellee,**

v.

**Richard Oden BIRCH, Defendant–**
**Appellant.**

**No. 04–0731–CR.**

United States Court of Appeals,
Second Circuit.

Aug. 12, 2004.

Richard J. Shanley, Brooklyn, NY, for Appellant.

Bryan Rose, Assistant United States Attorney, Brooklyn, N.Y. (Roslynn R. Mauskopf, United States Attorney, and Peter A. Norling, Assistant United States Attorney), for Appellee, of counsel.

PRESENT: JACOBS, B.D. PARKER, and HALL, Circuit Judges.

*SUMMARY ORDER*

Richard Oden Birch appeals from a judgment entered following a jury trial in the United States District Court for the Eastern District of New York (Trager, *J.*), convicting him of one count of making a false statement in violation of 18 U.S.C. § 1001(a)(2). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews for abuse of discretion a district's admission of evidence pursuant to Fed.R.Evid. 404(b). *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994). "We follow an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *Id.* In this case, the district court admitted the disputed evidence for a permissible purpose. There was no abuse of discretion.

The judgment of the district court is hereby AFFIRMED.

However, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, No. 04–104, and *United States v. Fanfan*, No. 04–105 (to be argued October 4, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not consider the waiver or substance of any issue concerning defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.